CV 13 - 1086

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IFUND, LLC,                                      Docket No.:

                    Plaintiff,

         -against-                               COMPLAINT        SCANLON, M.J.

BAKER SANDERS, LLC, and
ARIEL AMINOV, PLLC,

                    Defendants.
-----------------------------------------------------------------X

         Plaintiff, IFUND, LLC, by its attorney, PETER M. ZIRBES, ESQ., hereby alleges and

complains against the above-captioned Defendants as follows:

*JURISDICTION ALLEGATIONS*

1.  Plaintiff is a domestic corporation formed pursuant to the laws of the State of New

    York, and is located in the County of Nassau, State of New York.

2.  Upon information and belief, Defendant, BAKER SANDERS, LLP, is a limited

    liability partnership formed pursuant to the laws of the State of New York, with an

    office located in the County of Nassau, State of New York.

3.  Upon information and belief, Defendant, ARIEL AMINOV, PLLC, is a professional

    limited liability company formed pursuant to the laws of the State of New York, with

    an office located in the County of Nassau, State of New York.

1

## COMMON FACTUAL ALLEGATIONS

4.  At all times relevant and pertinent to the allegations contained herein, the Defendants were, and still are attorneys retained by Hollis Medical Care, P.C., for the purposes of collecting receivables related to an insurers non-payment of no-fault benefits, assigned by a patient to Hollis, for services rendered to the insured patient.

5.  In or around September of 2010, Government Employees Insurance Company, hereinafter referred to as "GEICO", initiated a civil proceeding in this Court, under Docket No. 10-CV-4341, against HOLLIS MEDICAL CARE, P.C., one of the named Defendants herein, and its doctors, both its current and former owners, as well as against other Defendants.

6.  Said action will be hereinafter referred to as the "Geico action".

7.  On or about May 25, 2011, the Hon. Judge I. Leo Glasser, so ordered an Order of Permanent Injunction whereby HOLLIS MEDICAL CARE, P.C., and its doctors, both its current and former owners, settled GEICO's claim, by giving GEICO a judgment in the sum of $1,500,000.00, including an attachment of all assets of Hollis Medical Care, P.C., up to said judgment amount, including, but not limited to any monies held by an attorney on behalf of, or for the benefit of Hollis Medical Care, P.C.; and, any monies that are or may be in the future due and owing to Hollis Medical Care, P.C., or collected by Hollis Medical Care, P.C. as a result of any collection arbitrations/lawsuits (hereinafter "collection cases") pursued on behalf of Hollis Medical Care, P.C. against any insurers other than GEICO, it being understood that in regard to pending and future collection cases prosecuted on behalf of Hollis

2

Medical Care, P.C. against insurers other than GEICO that the following categories shall be exempt from attachment under this Order: (i) statutory counsel fees payable by insurers other than GEICO to Hollis' collection attorneys on each individual collection case on which collection is made; and, (ii) filing fees payable by insurers other than GEICO to Hollis' collection attorneys on each individual collection case on which collection is made. A copy of the duly filed Order of Permanent Injunction is annexed hereto as Exhibit A.

8. On or about March 12, 2012, a Judgment was signed by the Hon. I. Leo Glasser, which had been duly filed with the Clerk's Office on March 8, 2012, and was duly entered by said Clerk. A copy of said Judgment is annexed hereto as Exhibit B.

9. Pursuant to the terms of said Judgment, it was Ordered that the terms of the Order of Permanent Injunction dated May 25, 2011, including the directive that pending satisfaction of the Judgment that (i) all assets of Hollis Medical Care, P.C. are subject to attachment (with specified exceptions) by GEICO; and, that (ii) Hollis, its agents, servants, attorneys, and all other persons and entities over which they have control or acting on its behalf, are enjoined and restrained from transferring, encumbering, dissipating, or wasting such assets.

10. On or about May 1, 2012, a fully executed Stipulation of Dismissal with Prejudice, dated April 18, 2012, and as against the Defendants in the Geico action, commonly known as the 'management defendants', including Simon Davydov, was duly entered with the Clerk's Office. A copy of said Stipulation of Dismissal with Prejudice is annexed hereto as Exhibit C.

3

11. On or about July 25, 2012, a Notice of Assignment of Judgment with duly executed copy of the Assignment, dated April 4, 2012, whereby GEICO assigns and transfer its right, title and interest in GEICO's Judgment and Order of Permanent Injunction against Hollis Medical Care, P.C. in the Geico action, to the above-captioned Plaintiff, Ifund, LLC, was duly entered in the Clerk's Office.  A copy of said Notice of Assignment s annexed hereto as Exhibit D.

12. On or about July 25, 2012, the Plaintiff, Ifund, submitted to the Clerk of the Court for the Eastern District, Writs of Execution as against the Defendants, who were identified therein as collection attorneys retained by Hollis Medical Care, P.C., and which sought identification of funds being held in said attorneys' escrow accounts on behalf of Hollis Medical care, P.C., and sought identification of files upon which collection has not yet been effectuated on behalf of Hollis.

13. Said Writs of Execution were signed by the Clerk of the Court, and promptly delivered to the United States Marshall for service.

14. Pursuant to the confirmation of service set forth on said Writs, they were served upon the Defendants in early late July and/or August of 2012.  Copies of the Writs, with confirmation of service are annexed hereto as Exhibit E.

15. Upon information and belief, the funds the Defendants are holding on behalf of Hollis are located in a general escrow account, where funds belonging to clients other than Hollis medical Care, P.C. also reside.

16. The Marshall cannot execute on the Writs unless, and or until the Defendants identify the funds being held on behalf of Hollis Medical Care, P.C..

4

17. On or about August 14, 2012, the Defendant, ARIEL AMINOV, sent a letter to the United States Marshall seeking a 30 day stay of execution to allow him the opportunity to contest the validity and/or propriety of the assignment of judgment. A copy of this letter is annexed hereto as Exhibit F.

18. To date, neither of the Defendants have either identified the funds and/or files they are holding on behalf of Hollis Medical Care, P.C., nor have they interposed any objection to the Writs, the Judgment and/or the Assignment of Judgment

*AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION*

19. The Plaintiff repeats and reiterates all of the allegations previously set forth herein.

20. The Plaintiff, by virtue of the Assignment of Judgment is the rightful holder of the Judgment and Order of Permanent Injunction set forth above, copies of which are annexed hereto as Exhibits A, B and D respectively.

21. The Defendants, as collection attorneys for Hollis Medical Care, P.C., are holding both funds and/or files on behalf of Hollis Medical Care, P.C..

22. By the terms of the Judgment and Order of Permanent Injunction, and pursuant to CPLR §§ 5225(b) and 5227, the Defendants are required to turn over these assets to the Plaintiff.

23. The Plaintiff has sought to execute on these assets.

24. The Defendants have ignored said attempt to execute.

WHEREFORE, Plaintiff prays for a judgment ordering the Defendants to turn over to the Plaintiff all the assets they are holding for their client, Hollis Medical care, P.C., and for such other and further relief that this honorable Court may deem just, proper and equitable.

Dated: February 17, 2013
       Forest Hills, New York

Peter M. Zirbes, Esq.

By: _____
    Peter M. Zirbes, Esq. (PZ4413)
    Attorney for Plaintiff
    116-03 Queens Boulevard
    Forest Hills, NY 11375
    (718) 683-5303

6

· Case 1:13-cv-01086-VMS   Document 1   Filed 03/01/13   Page 8 of 29 PageID #: 8
Case 1:10-cv-04341-ILG-RML   Document 54   Filed 07/27/11   Page 1 of 4 PageID #: 1587
Case 1:10-cv-04341-ILG-RML   Document 45-3   Filed 05/25/11   Page 2 of 5 PageID #: 1318

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., et al.

                         Plaintiffs,

        -against-

HOLLIS MEDICAL CARE, P.C., et al.

                       Defendants"
------------------------------------------------------------X

Docket No.: CV 10-4341
(ILG)(RML)

## ORDER AND PERMANENT INJUNCTION

     **WHEREAS,** Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") commenced this action against,, among others, Defendants David Hsu, MD ("Dr. Hsu") and Hollis Medical Care, P.C. ("Hollis")("Dr. Hsu" and "Hollis" are collectively referred to as the "Hsu Defendants"); and

     **WHEREAS,** Dr. Hsu has represented himself to be the sole owner of record of Hollis Medical Care, P.C., Lenox Wellcare Medical, P.C. Rosedale Medical of New York, P.C., First Aid Medical Care, P.C., New Age Orthopedic Rehabilitation, P.C. and/or St. John Medical Care, P.C. (collectively the "Hsu PCs'); and

     **WHEREAS,** the Plaintiffs and the Hsu Defendants have reached a global resolution of all issues between them, including all causes of action and claims for relief against the Hsu Defendants in this action, upon the terms set forth in this Order and Permanent Injunction; and

     **WHEREAS,** in order to effectuate the terms of the global resolution, Plaintiffs and Hsu Defendants have consented to the entry of this order and permanent injunction;

     **NOW THEREFORE,** upon the stipulation of the Parties, it is hereby

·Case 1:13-cv-01086-VMS  Document 1  Filed 03/01/13  Page 9 of 29 PageID #: 9
Case 1:10-cv-04341-ILG-RML  Document 54  Filed 07/27/11  Page 2 of 4 PageID #: 1588
Case 1:10-cv-04341-ILG-RML  Document 45-3  Filed 05/25/11  Page 3 of 5 PageID #: 1319

ORDERED that the clerk of the court shall enter judgment in favor of Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. and against Defendant, Hollis Medical Care, P.C., in the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars; and

IT IS FURTHER ORDERED that pending the entry of judgment and satisfaction thereon:

(a)     all assets of Hollis Medical Care, P.C. up to the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars are hereby attached in favor of and for the benefit of GEICO, including but not limited to (i) real property, bank accounts, brokerage accounts, debts, accounts receivable, cash, stocks, bonds, motor vehicles, and boats; (ii) any monies held by any bank and/or financial institution in the name of Hollis Medical Care, P.C., (iii) any monies held by any attorney on behalf of or for the benefit of Hollis Medical Care, P.C., and (iv) any monies that are or may in the future be due and owing to Hollis Medical Care, P.C. or collected by Hollis Medical Care, P.C. as a result of any collection arbitrations/lawsuits (hereinafter "collection cases") pursued on behalf of Hollis Medical Care, P.C. against any insurers other than GEICO, it being understood that in regard to pending and future collection cases prosecuted on behalf of Hollis' against insurers other than GEICO that the following categories shall be exempt from attachment under this Order: (i) statutory counsel fees payable by insurers other than GEICO to Hollis' collection attorneys on each individual collection case on which collection is made, and (ii) filing fees payable by insurers other than GEICO to Hollis' collection attorneys on each individual collection case on which collection is made; and

(b)     Hollis Medical Care, P.C., its agents, servants, attorneys, and all other persons and entities over which they have control or acting on its behalf, including but not limited to all

Case 1:13-cv-01086-VMS Document 1 Filed 03/01/13 Page 10 of 29 PageID #: 10
Case 1:10-cv-04341-ILG-RML Document 54 Filed 07/27/11 Page 3 of 4 PageID #: 1589
Case 1:10-cv-04341-ILG-RML Document 45-3 Filed 05/25/11 Page 4 of 5 PageID #: 1320

attorneys, banks, brokerage firms, and other entities, and any and all of their branch offices, subsidiaries, and affiliates, which are in possession of property in which Hollis Medical Care, P.C. has an interest or which owe debts to Hollis Medical Care, P.C., shall be enjoined and restrained from transferring, encumbering, dissipating, or wasting any such assets; and

ORDERED that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of the Hsu PCs are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs; and it is further

ORDERED, that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of any of the Hsu PCs shall, within 30 days from the date of receipt of this Order, (i) execute a stipulation of discontinuance with prejudice in any pending lawsuit against GEICO and return the stipulation of discontinuance to the Law Offices of Teresa Spina, staff counsel for GEICO, and (ii) withdraw, with prejudice, any pending arbitration against GEICO and notify the American Arbitration Association of such withdrawal; and its is further

ORDERED that the American Arbitration Association, upon receipt of a copy of this Order, is permanently enjoined and restrained from (i) accepting the filing of any arbitration demand seeking payment from GEICO by or on behalf of any of the Hsu PCs, or (ii) issuing any awards involving arbitrations between any of the Hsu PCs and GEICO; and it is further

ORDERED, that Dr. Hsu and the Hsu PCs, at their own cost and expense, shall assist and cooperate with GEICO's efforts to enforce the terms of the Permanent Injunction by (i)

Case 1:13-cv-01086-VMS   Document 1   Filed 03/01/13   Page 11 of 29 PageID #: 11
Case 1:10-cv-04341-ILG-RML   Document 54   Filed 07/27/11   Page 4 of 4 PageID #: 1590
Case 1:10-cv-04341-ILG-RML   Document 45-3   Filed 05/25/11   Page 5 of 5 PageID #: 1321

issuing letters directing collection counsel to discontinue/withdraw all arbitrations and litigation against GEICO, with prejudice, which shall be sent immediately following the approval of the Permanent Injunction; and (ii) sending letters to any other lawyer or law firm in the future identified by GEICO as prosecuting lawsuits/arbitrations against GEICO on of behalf of any of the Hsu PCs  in violation of the Permanent Injunction, directing that the lawyer or law firm discontinue/withdraw the arbitrations/ against GEICO, with prejudice; and it is further,

ORDERED that all causes of action for monetary damages against Dr. Hsu, Dr. Goldstein and Dr. Chalsani are hereby dismissed with prejudice.


SO ORDERED:

S/ILG

_____

I. Leo Glasser, U.S.D.J.

Dated: May 25, 2011
nunc pro tunc

Case 1:13-cv-01086-VMS   Document 1   Filed 03/01/13   Page 13 of 29 PageID #: 13
Case 1:10-cv-04341-ILG-RML   Document 111   Filed 03/08/12   Page 1 of 3 PageID #: 1920
Case 1:10-cv-04341-ILG-RML   Document 44-3   Filed 05/23/11   Page 1 of 3 PageID #: 1310

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., et al.

            Plaintiffs,

     -against-

HOLLIS MEDICAL CARE, P.C., et al.

            Defendants,
--------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 08 2012 ★

**BROOKLYN OFFICE**

Docket No.: CV 10-4341
(ILG)(RML)

## JUDGMENT

On May 2̲5̲, 2011, this Court entered an Order and Permanent Injunction against Defendants, David Hsu, M.D. ("Dr. Hsu") and Hollis Medical Care, P.C. ("Hollis")(collectively the "Hsu Defendants") based on a May 23, 2011 Stipulation executed by counsel for Plaintiff, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") and counsel for the Hsu Defendants. On May 2̲5̲ 2011 the Order and Permanent Injunction was filed with the Clerk of the Court.

UPON due consideration of the May 23, 2011 Stipulation between Plaintiffs and the Hsu Defendants, and the terms of the Order and Permanent Injunction, the Court finds as follows:

WHEREAS, an Order and Permanent injunction was entered against Dr. Hsu as well as Hollis Medical Care, P.C., Lenox Wellcare Medical, P.C. Rosedale Medical of New York, P.C., First Aid Medical Care, P.C., New Age Orthopedic Rehabilitation, P.C. and St. John Medical Care, P.C. (the "Hsu PCs") on May 2̲5̲ 2011; and

Case 1:13-cv-01086-VMS   Document 1   Filed 03/01/13   Page 14 of 29 PageID #: 14
Case 1:10-cv-04341-ILG-RML   Document 111   Filed 03/08/12   Page 2 of 3 PageID #: 1921
Case 1:10-cv-04341-ILG-RML   Document 44-3   Filed 05/23/11   Page 2 of 3 PageID #: 1311

**WHEREAS,** the Court ordered that Hollis Medical Care, P.C. was liable to Plaintiffs for damages in the amount of $1,500,000.00 and that judgment in said amount be entered thereon; and

**WHEREAS,** the Court ordered that pending satisfaction of the judgment that (i) all assets of Hollis Medical Care, P.C. are subject to attachment (with specified exceptions) by GEICO; and that (ii) Hollis, its agents, servants, attorneys, and all other persons and entities over which they have control or acting on its behalf, are enjoined and restrained from transferring, encumbering, dissipating, or wasting any such assets; and

**WHEREAS,** the Court Ordered that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of the Hsu PCs are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs; now

**THEREFORE, IT IS ORDERED** that judgment be and is hereby entered against Hollis Medical Care, P.C. and in favor of GEICO in the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars. This judgment shall bear interest at the judgment rate from the date of its entry until paid; and it is further

**ORDERED** that Dr. Hsu and the Hsu PCs, as well as any entity, attorney or individual purporting to represent or to act on behalf of the Hsu PCs are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs; and it is further

2

Case 1:13-cv-01086-VMS   Document 1   Filed 03/01/13   Page 15 of 29 PageID #: 15
Case 1:10-cv-04341-ILG-RML   Document 111   Filed 03/08/12   Page 3 of 3 PageID #: 1922
Case 1:10-cv-04341-ILG-RML   Document 44-3   Filed 05/23/11   Page 3 of 3 PageID #: 1312

**ORDERED** that all other terms of the May 25, 2011 Order and Permanent Injunction shall

survive the entry and filing of this judgment.

E N T E R:

s/ILG

I. Leo Glasser, U.S.D.J.

Dated: 3/8/12

2473362 v1

3

Exhibit C

Case 1:13-cv-01086-VMS   Document 1   Filed 03/01/13   Page 17 of 29 PageID #: 17
04/30/2012 MON 16:25   FAX 7182684502                                              @001/001
Case 1:10-cv-04341-ILG-RML   Document 124   Filed 05/01/12   Page 2 of 2 PageID #: 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X
GOVERNMENT EMPLOYEES INSURANCE CO.,
et al.,                                            Docket No.: CV 10-4341 (ILG) (RML)

                                    Plaintiff,

                                                   **STIPULATION OF DISMISSAL**
            -against-                              **WITH PREJUDICE**

HOLLIS MEDICAL CARE, P.C., et al.
                                    Defendants.
——————————————————————X

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for all of

the parties in the above-captioned matter, that whereas no party hereto is an infant, incompetent person for

whom a committee has been appointed, or conservatee, the above-entitled proceeding be, and the same

hereby is, discontinued, with prejudice, without costs to any party as against the other. This stipulation may

be filed without further notice with the Clerk of the Court. This Stipulation may be signed in counterparts,

and facsimile or PDF signatures shall be treated as originals.

Dated: April 18, 2012

RIVKIN RADLER LLP                                  PETER M. ZIRBES & ASSOCIATES, P.C.
Attorneys for Plaintiffs, GEICO                   Attorneys for Defendants Simon Davydov,
                                                  Mikhail Davydov, Ruben Davydov, Emanuel
                                                  David, Berta Nektalov and Sophia David

By:                                               By:
      Michael A. Sirignano, Esq.                        Peter M. Zirbes, Esq.
      Frank P. Tiscione, Esq.                           108-18 Queens Boulevard, Suite 605
      926 RXR Plaza                                     Forest Hills, New York 11375
      Uniondale, New York 11556                         (718) 268-8800
      (516) 357-3000

2606470 v1

**Exhibit D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE          Docket No.: 10-CV-4341
CO., et al.                             (ILG)(RML)

                        Plaintiffs,
                                        NOTICE OF ASSIGNMENT
        -against-                       OF JUDGMENT

HOLLIS MEDICAL CARE, P.C., et al.

                        Defendants.
-------------------------------------------------------------X

SIRS:

        PLEASE TAKE NOTICE, that enclosed herewith is a true and accurate copy of

the Assignment of the Judgment, taken by the Plaintiffs against the Defendant Hollis

Medical Care, P.C. in the sum of $1,500,000.00, entered in the United States District

Court for the Eastern District of New York on the 8th day of March 2012, whereby the

Plaintiffs have assigned all its right, title and interest in said Judgment, and the May 25,

2011 Order of Permanent Injunction, to Ifund, a New York limited liability company.

Said assignment is dated April 4, 2012.


Dated:  July 25, 2012
        Forest Hills, New York


                                PETER M. ZIRBES, ESQ.
                                Attorney for Assignee
                                108-18 Queens Boulevard
                                Suite 604
                                Forest Hills, NY 11375
                                (718) 268-8800


TO:     Notice will automatically be
        Given to proper parties through ECF

**Exhibit "A"**

**Quitclaim Assignment**

This assignment made the 4th day of ~~March~~ April , 2012, between Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co., all Maryland corporations with their principal places of business in Chevy Chase, Maryland and Ifund LLC, a New York limited liability company.

WHEREAS, on the 25th day of May 2011, an Order and Permanent Injunction was entered in the United States District Court for the Eastern District of New York in favor of Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. ordering that the clerk of the court enter judgment, inter alia, in favor of GEICO against Hollis Medical Care, PC in the sum of $1,500,000.00 Dollars.

WHEREAS, on the 8th day of March 2012, a judgment (the "Judgment") was entered in the United States District Court for the Eastern District of New York in favor of Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (i) against Hollis Medical Care PC in the sum of $1,500,000.00 Dollars and (ii) ordering that David Hsu, MD and Hollis Medical Care, P.C., Lenox Wellcare Medical, P.C., Rosedale Medical of New York, P.C., First Aid Medical Care, P.C., New Age Orthopedic Rehabilitation, P.C. and St. John Medical Care, P.C. (collectively the "Hsu PCs") are permanently enjoined and restrained from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs;

WHEREAS, Ifund LLC ("ASSIGNEE") wishes to take by assignment the Judgment entered in favor of Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "ASSIGNOR") and ASSIGNOR wishes to sell and assign the Judgment to ASSIGNEE, for good and valuable consideration;

NOW, THEREFORE, ASSIGNOR, in consideration of good and valuable consideration paid to ASSIGNOR, has sold, assigned and transferred, and by these presents hereby sells, assigns and transfers to the ASSIGNEE, all of its right, title and interest in the Judgment, subject to the terms and conditions herein.

This Assignment is without representation or warranty, express or implied, of any kind or of any nature by ASSIGNOR. This assignment is further made without recourse to the ASSIGNOR in any event whatsoever.

ASSIGNEE and ASSIGNOR acknowledge that (i) the assignment of the Judgment herein includes the rights to any assets of Hollis Medical Care, PC attached pursuant to the Order and Permanent Injunction, dated May 25, 2011; (ii) the permanent injunction enjoining and restraining the Hsu PCs from submitting any bills to or commencing any lawsuits, arbitrations, or other proceedings, either directly or indirectly, against GEICO for goods and/or healthcare related services provided by or through any of the Hsu PCs remains in place and survives the

assignment of the Judgment to ASSIGNEE. ASSIGNEE, and any of its successors or assigns, shall take no action that impairs the permanent injunction issued against David Hsu, MD and the Hsu PCs in favor of GEICO.

ASSIGNEE shall indemnify and hold ASSIGNOR harmless from and against any and all liability, loss, damage, cost or expense, including reasonable attorneys' fees, which ASSIGNOR may incur relating to or arising out of the enforcement, or attempted enforcement, of the Judgment.

This assignment shall be governed by, construed and enforced in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, this assignment has been duly executed by the ASSIGNOR and ASSIGNEE the day and date as follows:

ASSIGNOR (GEICO):

_____
[Signature]

_____
[Print Name] Jeremy Connor

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Nassau     )

On the 3 day of April _____, 2012, before me, the undersigned, a notary public in and for said state, personally appeared Jerry Connor _____, an authorized representative of Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co., personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

SUNIL KHANDPUR
Notary Public, State of New York
No. 01KH6058533
Qualified in Nassau County
Commission Expires May 14, 2016

ASSIGNEE (Ifund LLC):

[Signature]

Simon Dugdev
[Print Name]


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF QUEENS )

On the 4th day of April , 2012, before me, the undersigned, a notary public in and for said state, personally appeared Simon Dugdev , an authorized representative of Ifund LLC, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the foregoing instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

PETER M. ZIRBES
NOTARY PUBLIC, State of New York
No. 02ZI 0297a
Qualified in Suffolk County
Commission Expires Dec. 1, 20__ 13

*Docket No.: 10-CV-4341 (ILG)(RML)*

## WRIT OF EXECUTION

| **United States District Court** | DISTRICT |
|---|---|
| | **Eastern District of New York** |

| TO THE MARSHAL OF: | US Dept. of Justice |
|---|---|

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME: *Hollis Medical Care, P.C.*
*c/o Baker Sanders*
*100 Garden City Plaza, Suite 500*
*Garden City, NY 11530*

you cause to be made and levied as well as a certain debt of:

| DOLLAR AMOUNT | DOLLAR AMOUNT |
|---|---|

*A sum, known to the account holder, Baker Sanders, LLC, being held in the account holders attorney's escrow account(s) on behalf of account holders client, Hollis Medical Care, P.C.*

in the United States District Court for the Eastern District of New York before the Judge of the said Court by the consideration of the same Judge lately recovered against the said, by *Judgment against Hollis Medical Care, P.C. in favor of GEICO, entered March 8, 2012, incorporating the Order of Permanent Injunction dated May 25, 2011, and assigned by GEICO to Ifind LLC by assignment of Judgment dated April 14, 2012 and entered July 25, 2012*

and also the costs that may accrue under this writ.
    And that you have above listed money at the place and date listed below; and that you bring this writ with you.

| PLACE *Baker Sanders, LLC* *100 Garden City Plaza, Suite 500* | DISTRICT *Eastern District of NY* |
|---|---|
| CITY *Garden City, NY 11530* | DATE *August 27, 2012* |

Witness the Honorable

_____
*(United States Judge)*

| DATE **JUL 27 2012** | CLERK OF THE COURT **DOUGLAS C. PALMER** |
|---|---|
| | (BY) |

RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|

This writ was received and executed.

| U.S. MARSHAL *CHARLES DUNNIZ* | (BY) DEPUTY MARSHAL *#3579* |
|---|---|

*SERVED: 2/15/13*
*TO: TODD LEGAL DEPT STE 500*

*Docket No.: 10-CV-4341*
*(ILG) (RML)*

## WRIT OF EXECUTION

| **United States District Court** | DISTRICT<br>**Eastern District of New York** 53 |
|---|---|
| | US |

TO THE MARSHALL OF: *US Dept. of Justice*

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME: *Hollis Medical Care, P.C.*
*c/o Ariel Aminov, PLLC*
*50 Glen Street*
*Glen Cove, NY 11542*

you cause to be made and levied as well as a certain debt of:

DOLLAR AMOUNT                    DOLLAR AMOUNT

*A sum, known to the account holder, Ariel Aminov, PLLC, being held in the account holder's attorney's escrow account(s) on behalf of the account holder's client, Hollis Medical Care, P.C.*

in the United States District Court for the Eastern District of New York before the Judge of the said Court by the consideration of the same Judge lately recovered against the said, *by Judgment against Hollis Medical Care, P.C. with a sum of $1,500,000.00 in favor of GEICO, entered March 8, 2012 incorporating the Order of Permanent Injunction dated May 25, 2011, and assigned by GEICO to Iford, LLC by assignment of Judgment dated April 9, 2012 an entered July 25, 2012*

and also the costs that may accrue under this writ.
   And that you have above listed money at the place and date listed below; and that you bring this writ with you.

| PLACE *Ariel Aminov, PLLC*<br>*50 Glen Street* | DISTRICT<br>*Eastern District of NY* |
|---|---|
| CITY *Glen Cove, NY 11542* | DATE<br>*August 27, 2012* |

Witness the Honorable

_____
*(United States Judge)*

| DATE<br><br>**JUL 27 2012** | CLERK OF THE COURT **DOUGLAS C. PALMER** |
|---|---|
| | (BY) *Resirel Gross* |

RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT *8/3/2012   4:00 P.M.* |
|---|---|
| This writ was received and executed. | |
| U.S. MARSHAL *CHARLES DONNE* | (BY) DEPUTY MARSHAL *Mike #3579* |

*Executed on*
*ARIEL AMINOV*
*STE 1101*
*1st FLOOR*



LAW OFFICES OF
# ARIEL AMINOV
PLLC

50 GLEN STREET, SUITE 101
GLEN COVE, NY 11542

TEL: 516-399-2211
FAX: 516-399-2216

August 14, 2012

US Marshall Service, EDNY
225 Cadman Plaza East, Room G20
Brooklyn, NY 11201
Attn:  Civil Section

Re:    **GEICO v Hollis, et al**
       **Docket CV 10-4341**

Dear Marshall Dunne:

I am in receipt of your letter of July 31, 2012.  Please note that my firm is contesting the validity and/or propriety of the assignment of judgment.  In the next few days, my office will be taking legal action to safeguard all parties' interests, including the judgment assignee's, and I request that any executions be stayed at least until at least September 14, 2012.

Please feel free to call me should you wish to discuss this matter.

Yours very truly,

Ariel Aminov

RECEIVED
2012 AUG 22 AM 7:19
US MARSHAL EDNY