```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
IFUND, LLC,                                             :
                                                        :
                        Plaintiff,                      :
                                                        :                    ORDER
           -against-                                    :
                                                        :           13-CV-01086 (SLT) (VMS)
BAKER SANDERS, LLC and ARIEL                            :
AMINOV, PLLC,                                           :
                                                        :
                        Defendants.                     :
------------------------------------------------------- x
```

**Scanlon, Vera M., United States Magistrate Judge:**

Plaintiff Ifund, LLC ("Ifund") seeks an order pursuant to Federal Rule of Civil Procedure ("FRCP") 69(a) and N.Y. C.P.L.R. 5225(b) and 5227 to enforce against Defendants Baker Sanders, LLC ("Baker Sanders") and Ariel Aminov, PLLC ("Aminov") an Order and Permanent Injunction, and a Judgment. Compl., ECF No. 1. Defendants request, among other relief, permission to deposit the funds at issue with the court, pursuant to FRCP 67, and to then be dismissed from this action. Defs.' Sur-Reply In Further Opp'n to Pl.'s Order to Show Cause ("Defs.' Sur-Reply Mem.") 4-5, ECF No. 15. This Court has withheld comment until the September 6, 2013 sentencing of Dr. David Hsu ("Dr. Hsu"), who was a principal in the entity against which the Judgment was originally entered. The parties are hereby ordered to provide additional briefing as set forth below.

**I.    BACKGROUND**

Ifund seeks to enforce an Order and Permanent Injunction, dated May 25, 2011, and a Judgment, dated March 8, 2012, that were entered against Hollis Medical Care, P.C. ("Hollis"), in favor of Government Employees Insurance Co. ("GEICO"), in the action <u>Government Employees Insurance Co. v. Hollis Medical Care P.C.</u>, No. 10 Civ. 4341 (ILG) (RML)

(E.D.N.Y. dismissed May 3, 2012) (the "GEICO Action"). See Compl. 8-15. The Order and Permanent Injunction, and the Judgment (collectively, the "GEICO Action Judgment") attached $1.5 million of Hollis's assets in GEICO's favor, including, inter alia, any monies held by Hollis's attorneys; monies that were or became due to Hollis; and monies collected by Hollis against insurers other than GEICO. Id. GEICO assigned the GEICO Action Judgment to Plaintiff on April 4, 2012. Id. at 19-22.

Defendants Baker Sanders and Aminov are attorneys retained by Hollis for the purposes of collecting receivables related to the non-payment of no-fault benefits for services rendered to insured patients.[1] Ifund alleges that Baker Sanders holds an estimated $80,000 on Hollis's behalf and possess files for collection actions valued at $260,000. Decl. of Peter M. Zirbes, Esq. ("Zirbes Decl.") ¶ 7, Feb. 27, 2013, ECF No. 2. Ifund further alleges that Aminov holds an estimated $150,000 on Hollis's behalf and possesses files for collection actions valued at $50,000. Id. at ¶ 8. Ifund seeks both Hollis's monies and collection action files that are in Defendants' possession.

The parties communicated about this matter without resolution. See, e.g., Zirbes Decl. ¶¶ 7-15; Defs.' Mem. & Decl. in Opp. to Pl.'s Order to Show Cause ("Defs. Mem.") ¶¶ 18-21, ECF No. 10. Writs of Execution were served by the United States Marshal on Aminov on August 3, 2012, and on Baker Sanders on February 15, 2013. Compl. 24-25.[2] Plaintiff then filed the

---

[1] Despite Plaintiff's inclusion, beginning with Plaintiff's Reply Declaration/Memorandum ("Pl.'s Reply Mem."), ECF No. 12, of Hollis as a defendant in the caption of this case, Plaintiff has not named Hollis as a defendant in this action. Defendants have not claimed that Hollis is an indispensable party.

[2] Ifund alleges that the Writ of Execution on Baker Sanders was served in July or August 2012. Compl. ¶ 14. However, there is a handwritten notation on the Writ of Execution stating it was served on February 15, 2013. Compl. 24; Defs.' Mem. ¶ 18 (asserting that the Writ of Execution was served on Bakers Sanders on February 15, 2013). There is no dispute that the Writ of

Complaint in this action and requested an Order to Show Cause.  See Compl.; Zirbes Decl.; Unsigned Order to Show Cause, ECF No. 3.[3]  The Honorable Sandra L. Townes referred the Order to Show Cause to the undersigned.  Referral Order, ECF No. 7.  The parties submitted briefing in support of and in opposition to the Order to Show Cause.  See, e.g., Defs.' Mem.; Pl.'s Reply Mem.  This Court held a show cause hearing and ordered additional briefing, which the parties provided.  See Pl.'s Sur-Reply Decl./Mem. ("Pl.'s Sur-Reply Mem."), ECF No. 14; Defs.' Sur-Reply Mem.; Pl.'s Supplemental Briefing ("Pl.'s Supp. Br."), ECF No. 16.[4]

### a. The GEICO Action

Additional discussion of the GEICO Action is necessary to understand the present case.  GEICO filed its Complaint on September 23, 2010 to recover more than $2.6 million in allegedly fraudulent bills; these bills related to health care services provided by Hollis to persons who were insured by GEICO and had been involved in car accidents.  Compl. ¶ 1, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 1.  Among the defendants in the GEICO Action were (1) Hollis, a professional service corporation; (2) several physicians, including Dr. Hsu, who at various times were the owners of Hollis; and (3) several non-medical professionals, including Mr. Simon Davydov ("Mr. Davydov"), whom GEICO termed the "Management Defendants."  Id. ¶ 3.

---

Execution was served on Aminov in August 2012 and that Aminov requested a one-month stay of the execution.  Compl. 28; Defs.' Mem. ¶ 18.

[3] Ifund attributes its delay in seeking enforcement to its counsel's September 2012 surgery and subsequent recovery period.  Zirbes Decl. ¶ 2.

[4] Plaintiff's Reply Memorandum, Sur-Reply Memorandum and Supplemental Briefing were filed on ECF with their pages out of order and/or upside down.  Plaintiff also incorrectly filed the Affidavit of Mr. Simon Davydov ("Davydov Aff."), as one document with its Sur-Reply Memorandum.  Plaintiff should review the ECF Instructions available at: https://www.nyed.uscourts.gov/forms/all-forms/ecf_instructions.  Plaintiff should then take the appropriate steps to re-file these documents correctly.

3

GEICO alleged that the Management Defendants, including Mr. Davydov, submitted fraudulent no-fault insurance claims for unnecessary, excessive and exaggerated medical treatment and that they referred patients to affiliated health care services providers who also submitted fraudulent claims to GEICO. Id. ¶ 4. GEICO further alleged that Hollis was never entitled to compensation for the bills it submitted to GEICO because eligibility for no-fault benefits is predicated on proper licensing, which Hollis lacked. Id. ¶ 6 & n.1. Pursuant to New York's no-fault insurance laws, N.Y. Ins. Law § 5010 et seq., "insurance carriers may withhold payment for medical services provided by fraudulently incorporated enterprises to which patients have assigned their claims." State Farm Mut. Auto. Ins. Co. v. Mallela, 4 N.Y.3d 313, 319, 827 N.E.2d 758, 759 (2005)[5]; see N.Y. Comp. Codes R. & Regs. tit. 11 § 65-3.16(a)(12) ("A provider of health care services is not eligible for reimbursement under section 5102(a)(1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement . . . ."). As the Second Circuit explained, "because of the state's longstanding concern that the so-called 'corporate practice of medicine' could create ethical conflicts and undermine the quality of care afforded to patients, New York forbids non-physicians from employing physicians or controlling their practices." State Farm Mut. Auto. Ins. Co. v. Mallela, 372 F.3d 500, 503 (2d Cir. 2004), certified question accepted, 3 N.Y.3d 687, 818 N.E.2d 647 (2004), and certified question answered Mallela, 4 N.Y.3d 313, 827 N.E.2d 758.[6] This prohibition is set forth through several provisions of the New York Business Corporation Law.

---

[5] Thus, claims involving unlawful no-fault claim billing by fraudulently incorporated health care providers are referred to as Mallela claims.

[6] In summary:

> [U]nder New York's Business Corporation Law, all professional service corporations ["P.C.s"] that are licensed to practice medicine must be owned and controlled only by licensed

4

According to GEICO, Hollis was not a properly licensed professional corporation because, among other reasons, the physician defendants had effectively sold their medical licenses to the non-physician Management Defendants, making the Management Defendants the de facto owners of Hollis. Compl. ¶¶ 2-6, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML).

On May 23, 2011, Matthew J. Conroy, Esq. ("Mr. Conroy"), as counsel for Dr. Hsu and Hollis, signed a Stipulation consenting to the entry of the Order and Permanent Injunction that Ifund now seeks to enforce. Letter, May 23, 2011, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 44. Also on May 23, 2011, counsel informed the Court that GEICO had settled its claims against Hollis and Dr. Hsu. Id. The Court so ordered the Order and Permanent Injunction on May 25, 2011. Order & Permanent Inj., May 25, 2011, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 54.

The Order and Permanent Injunction provided that Hollis was liable to GEICO for $1.5 million; that Hollis's assets up to $1.5 million were attached in GEICO's favor; that Dr. Hsu and six professional service corporations for which he claimed to be the sole owner, including Hollis

---

physicians. N.Y. Bus. Corp. Law §§ 1507, 1508. Additionally, P.C.s must file copies of their certificate of incorporation with the Department of Education and, from that Department, obtain certificates of authority to practice medicine. See N.Y. Educ. Law § 6507(4)(c). According to N.Y. Business Corporation Law § 1503, these certificates of incorporation must, inter alia, specify the names of all shareholders, directors, and officers of a P.C., and include documentation certifying that such individuals are licensed to practice medicine. Finally, the Attorney General is given the power to bring an action to dissolve a P.C. if the corporation "procured its formation through fraudulent misrepresentation or concealment of a material fact." N.Y. Bus. Corp. Law § 1101(a)(1). New York also assigns criminal penalties to those who fraudulently obtain a license, N.Y. Educ. Law § 6512, or knowingly submit false documents to a public office, N.Y. Penal Law § 175.10.

Mallela, 372 F.3d at 503.

and Lenox Wellcare Medical, P.C. (the "Lenox Clinic"), were enjoined from submitting any bills or commencing any lawsuits or other proceedings against GEICO for their goods or services; and that Dr. Hsu and his professional service corporations would discontinue any pending lawsuits or other proceedings against GEICO. Id. Most importantly for present purposes, the attached assets included:

> (iii) any monies held by any attorney on behalf of or for the benefit of Hollis Medical Care, P.C., and (iv) any monies that are or may in the future be due and owing to Hollis Medical Care, P.C. or collected by Hollis Medical Care, P.C. as a result of any collection arbitrations/lawsuits (hereinafter "collection cases") pursued on behalf of Hollis Medical Care, P.C. against any insurers other than GEICO, it being understood that in regard to pending and future collection cases prosecuted on behalf of Hollis' [sic] against insurers other than GEICO that the following categories shall be exempt from attachment under this Order: (i) statutory counsel fees payable by insurers other than GEICO to Hollis'[s] collection attorneys on each individual collection case on which collection is made, and (ii) filing fees payable by insurers other than GEICO to Hollis'[s] collection attorneys on each individual collection case on which collection is made . . . .

Id. at 2. In addition, the Order and Permanent Injunction enjoined Hollis and all persons within its control or acting on its behalf "from transferring, encumbering, dissipating, or wasting any such assets . . . ." Id. at 2-3.

As discussed in more detail below, on October 19, 2011, almost five months after the District Court so-ordered the May 2011 Order and Permanent Injunction, Dr. Hsu was indicted for conspiracy to commit health care fraud and other crimes concerning the operation of the Lenox Clinic. Sealed Indictment, United States v. Smirnov, No. 11-cr-893 (PAC) (S.D.N.Y. Oct. 19, 2011), ECF No. 1; see also Order to Unseal Indictment, Smirnov, No. 11-cr-893 (PAC), ECF No. 2.[7] In addition, on February 14, 2012, Liberty Mutual Insurance Company filed a

---

[7] The overlap between the GEICO Action and Smirnov includes not only Dr. Hsu, but also GEICO. According to Dr. Hsu's counsel in the GEICO Action, a draft exposure report in

6

Complaint against Dr. Hsu and others in the Supreme Court of the State of New York, Nassau County, concerning health care fraud at yet another location.[8]  Finally, on February 28, 2012, Dr. Hsu's attorney, Mr. Conroy, was indicted for conspiracy to commit health care fraud and other crimes concerning multiple medical clinics in Brooklyn, New York.  Sealed Indictment, United States v. Zemlyansky, No. 12-cr-171 (JPO) (S.D.N.Y. Feb. 28, 2012), ECF No. 1; see also Order to Unseal Indictment, Zemlyansky, No. 12-cr-171 (JPO), ECF No. 2.

On March 8, 2012, the Court entered the Judgment against Hollis that Ifund now seeks to enforce.  Judgment, Mar. 8, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 111.  The Judgment essentially reiterated and confirmed the relief granted by the May 25, 2011 Order and Permanent Injunction.  Id.  On March 22, 2012, counsel in the GEICO Action informed the Court that "a settlement is imminent which would resolve all remaining issues in this case."  Minute Entry, Mar. 22, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF.  The parties in the GEICO Action provided the Court with a Notice of Settlement on April 24, 2012, and the Court dismissed the matter with prejudice on May 3, 2012.  Notice of Settlement, Apr. 24, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 123; Stipulation & Order Dismissing the Case with Prejudice, May 3, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 125.

Seemingly without notice to the Court, on April 4, 2012, GEICO assigned the GEICO Action Judgment to Ifund, which had been incorporated a few days earlier, on March 27, 2012.  See Compl. 20-22; Defs.' Mem. Ex. 3.  Notably, Mr. Davydov, a defendant in the GEICO

---

Smirnov identified GEICO as an alleged victim of Dr. Hsu's crimes.  Decl. of Nicole Gueron, Mar. 5, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 110.

[8] Mem. of Law in Supp. of Def. David Hsu's Mot. to Stay & in Opp'n To Pl.'s Letter Mot. to Compel 3, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 109; Short Form Order, Liberty Mut. Ins. Co. v. Innovative Med., P.C., No. 1912/12 (Sup. Ct. Nassau Cnty. June 13, 2012).

Action, is one of Ifund's owners; he signed the Quitclaim Assignment on behalf of Ifund. Id. at 22; Pl.'s Sur-Reply Mem. 11-12 (Davydov Aff.); see Letter at Ex. 1, July 3, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 126; Notice of Assignment of Judgment, July 25, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 129.

On July 3, 2012, after the dismissal of the GEICO Action, counsel for Mr. Davydov and the other Management Defendants in the GEICO Action[9] wrote to the District Court to request advice on Ifund's collection of the GEICO Action Judgment from Baker Sanders and Aminov. Letter, July 3, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 126. The Management Defendants informed the Court that Baker Sanders and Aminov "refused to comply" with the GEICO Action Judgment "because Geico's [sic] complaint included a claim that the Management Defendants were the actual owners of Hollis Medical Care, P.C., and that Dr. Hsu was only a nominal owner," and they found it problematic that the GEICO Action Judgment "was assigned to Ifund, LLC, a company whose president is Simon Davydov, one of the Management Defendants." Id.[10]

The Management Defendants denied any wrongdoing and "any kind of control or ownership interest" in Hollis. Id. GEICO, in a letter reply, "vehemently disagree[d]" with that contention and "[stood] by each and every allegation asserted in the Complaint it filed . . . which lays out in great detail the fraudulent scheme perpetrated by . . . the Management Defendants." Letter, July 6, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 127.

The District Court responded to the Management Defendants, stating "your letter requests the Court for what is clearly an advisory opinion addressing [an issue with Baker Sanders] which

---

[9] Peter M. Zirbes, Esq. ("Mr. Zirbes"), counsel for the Management Defendants in the GEICO Action, is also counsel for Ifund in the present action.

[10] I note that this is the same issue that the Defendants raise in the present action.

8

is inappropriate for the Court to entertain." Letter, July 6, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 128. The District Court suggested that the Management Defendants research the issue or "commence an action for relief to which you believe you may be entitled." Id. Ifund filed its Complaint in the present action over seven months later. See Compl.

### b. Dr. David Hsu

As noted above, Dr. Hsu was indicted for conspiracy to commit health care fraud. Sealed Indictment, Smirnov, No. 11-cr-893 (PAC). On February 4, 2013, Dr. Hsu pled guilty to conspiracy to commit mail fraud and health care fraud in connection to his actions at the Lenox Clinic, located at 900 Lenox Road in Brooklyn, New York. Id. ¶ 3; Plea Hr'g Tr., Feb. 4, 2013, Smirnov, No. 11-cr-893 (PAC), ECF No. 155; Defs.' Sur-Reply Mem. Ex. 1 (plea agreement signed on February 4, 2013 by Dr. Hsu, his counsel and the Office of the United States Attorney for the Southern District of New York). During his allocution, Dr. Hsu admitted that,

> [s]tarting around October 2009, I agreed with others to be the nominal owner of the [Lenox Clinic], which is located in Brooklyn. And I worked there as a physician one day a week. As the nominal owner of the [Lenox Clinic] I assisted, aided the [Lenox Clinic] to fraudulently bill the insurance companies . . . .

Plea Hr'g Tr. 13:21-25, Smirnov, No. 11-cr-893 (PAC).[11]

Dr. Hsu's plea included an agreement:

> [T]o withdraw any and all 'no-fault' insurance claims filed in a court of law or in an arbitration proceeding or in any other forum on behalf of the defendant, any corporations he owns, and agents or employees of the defendant or her [sic] corporations. The defendant agrees to execute all documentation necessary to effect

---

[11] See id. at 7:17-8-2 (Dr. Hsu pled guilty to Count One of the Indictment); Sealed Indictment ¶¶ 3-4, 9 & 19, Smirnov, No. 11-cr-893 (PAC) (Count One of the Indictment alleges that Dr. Hsu allowed non-physicians to be the de facto owners of his professional corporation and that he conducted unnecessary medical procedures, falsified a referral and otherwise engaged in fraudulent billing).

9

the dismissal with prejudice of any such pending claims prior to
sentencing.

Defs.' Sur-Reply Mem. Ex. 1 at 2. In exchange for Dr. Hsu's guilty plea, the Office of the United States Attorney for the Southern District of New York agreed that he would not be prosecuted criminally by that office "for participating in a scheme to defraud no-fault insurance carriers and conspiring to defraud no-fault insurance carriers from in or about March 2008 up to and including in or about October 2011 related to his activities at . . . 'Hollis Medical P.C.'" Id. at 1.

The Honorable Paul A. Crotty sentenced Dr. Hsu on September 6, 2013. Sentencing Hr'g Tr., Sept. 6, 2013, Smirnov, No. 11-cr-893 (PAC) (not available on ECF); Filed Judgment in a Criminal Case, Sept. 9, 2013, Smirnov, No. 11-cr-893 (PAC), ECF No. 225.

### c. Matthew Conroy, Esq.

As noted above, Mr. Conroy was indicted for conspiracy to commit health care fraud. Sealed Indictment, Zemlyansky, No. 12-cr-171 (JPO). This matter is ongoing. United States Attorney for the Southern District of New York Preet Bharara described Zemlyansky as possibly "the single largest no-fault insurance fraud case in history."[12]

### II. DISCUSSION

Plaintiff's primary concern is that, despite the GEICO Action Judgment and the Writs of Execution, Defendants have failed to turn over Hollis's funds and collection action files. In response, Defendants cite ethical concerns with the legality of the settlement, as well as the assignment of the GEICO Action Judgment from GEICO to Ifund. Defendants are particularly concerned with Mr. Davydov's dual role as an owner of Ifund and as one of the Management

---

[12] United States v. Mikhail Zemlyzansky, Et Al. Prepared Remarks of United States Attorney Preet Bharara, Department of Justice: US Attorney's Office (Feb. 29, 2012), http://www.justice.gov/usao/nys/pressconference/zemlyanskyremarks.html.

Defendants in the GEICO Action. Defendants perceive an inherent contradiction in these events because GEICO accused Mr. Davydov of participating in a Mallela corporation but then assigned assets that may include no-fault collection claims to a corporation in which Mr. Davydov has an ownership interest.[13] Defendants are further concerned by Dr. Hsu's admittedly criminal behavior and the indictment against Mr. Conroy. Plaintiff does not dispute Defendants' right to raise such concerns. See Show Cause Hr'g Tr. 31:17-19. Rather, Plaintiff contends that the GEICO Action Judgment should be enforced because there is no evidence that Dr. Hsu's indictment or guilty plea in Smirnov included allegations or admissions of wrongdoing by Hollis or Mr. Davydov.

In addition, Ifund asserts that, by virtue of the May 25, 2011 Order and Permanent Injunction, Ifund holds a priority claim over Hollis's collection actions and that Ifund has priority over any attempt by Dr. Hsu to discharge these claims, as is required by his plea agreement. Pl.'s Supp. Br. ¶¶ 27-28. By Ifund's reasoning, Dr. Hsu has no authority over the claims on which it seeks to collect so that any actions he may have taken against these claims by way of compliance with his plea agreement are a nullity.

Defendants did not initiate an action to challenge the GEICO Action Judgment or the assignment.[14] Rather, Defendants have flagged their ethical concerns for this Court's attention and seek permission to be dismissed from this action after depositing Hollis's funds with the

---

[13] Defense counsel suggested that it is industry practice for no-fault insurer plaintiffs to seek judgments in Mallela cases that would include receivables against other no-fault insurance carriers, but that in these cases, plaintiffs typically do not attempt to execute the judgments, as plaintiffs' own complaints assert the unlawfulness of defendants' no-fault claims. Show Cause Hr'g Tr. 12:1-14:12, ECF No. 17.

[14] But see Compl. 28 (Letter from Defendant Aminov to United States Marshal Service, dated August 14, 2012, stating "my firm is contesting the validity and/or propriety of the assignment of judgment . . . my office will be taking legal action to safeguard all parties' interests")). Defendants did not bring an action within the one-year statute of limitations to challenge a judgment under FRCP 60.

court, per FRCP 67(a), net their attorneys' fees and costs per their retainer agreement with Hollis. Defs.' Sur-Reply Mem. 4-5. Defendants also seek an award of attorneys' fees and costs for the present motion to be payable from the Hollis funds. Id. at 5.

As I noted above, Ifund's counsel raised the issue of the validity of the GEICO Action Judgement and attachment by letter to the District Judge in Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML). See Letter, July 3, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 126. The Court declined to provide an advisory opinion as requested by Mr. Zirbes. See id., Letter, July 6, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 128. The Court also took no action with regard to the issue raised by Mr. Zirbes's letter. See Letter, July 6, 2012, Gov't Emp. Ins. Co., No. 10 Civ. 4341 (ILG) (RML), ECF No. 128.

### III. CONCLUSION

In light of Dr. Hsu's September 6, 2013 sentencing and presumably the satisfaction of his plea agreement, there are several open questions that merit additional exploration before this Court can determine what relief should be granted, if any. The parties are hereby ordered to provide the following additional briefing:

Concerning any uncollected Hollis collection action claims, the Parties will brief the Court on whether these claims were dismissed pursuant to Dr. Hsu's plea agreement, or for any other reason.

If any collection claims remain active, the Parties will brief the Court as to their current position concerning these claims. The Parties will also inform the Court whether the Hollis funds in Defendants' possession originated solely from collections for no-fault claims, and if they did not, the Parties will describe the source of these funds generally. In addition, the Parties will inform the Court as to whether Dr. Hsu has any control over or ownership in Hollis, and if

he does not, the Parties will inform the Court as to when his control over or ownership in Hollis ceased.  They will also inform the Court of any action Dr. Hsu took with regard to Hollis in connection with the assets at issue in this case.

Plaintiff will inform the Court as to whether it took any actions to assert its claim of priority concerning the Hollis collection action files and, if so, what those actions were.  Plaintiff will brief the issue of its claim of priority over any plea arrangement made by Dr. Hsu to such claims.

Defendants will inform the Court: what amount, if any, they have already deducted from the Hollis funds to pay their fees and costs; what amount, if any, they contend is owed to them per the Order and Permanent Injunction, Compl. 9; and what additional amount, if any, they contend is owed, per their retainer with Hollis or on any other legal theory supporting payment.  If Defendants contend that an amount is due per their retainer with Hollis, they will append to their brief a copy of that retainer, which may be filed under seal.  Finally, Defendants will brief the claim that their attorneys' fees and costs for this motion should be paid from the Hollis funds.

The Parties will brief the Court on whether the assets at issue are now at risk of waste, as might justify granting expedited relief.

Initial letter briefs are due by October 24, 2013.

Responsive letter briefs are due by November 4, 2013.

The Court will mail a copy of this Order to the Office of the United States Attorney for the Southern District of New York (the "USAO")[15] and to GEICO.[16]  If either wishes to provide

---

[15] Specifically, the Order will be mailed to Ms. Rosemary Nidiry, Assistant United States Attorney, United States Attorney's Office for the Southern District of New York, One St. Andrew's Plaza, New York, NY 10007, as the attorney for Dr. Hsu's prosecution.

[16] For GEICO, the Order will be mailed to Ms. Dana Proulx, Vice President and General Counsel, GEICO, One GEICO Plaza, Washington, D.C. 20076 and to Mr. Barry I. Levy, Rivkin

information regarding any relevant issue, the Court will accept such submission. For example, the USAO may wish to express its position as to whether the Hollis funds are subject to any order of forfeiture or restitution; its position on whether any uncollected collection action claims (if any remain) should have been dismissed pursuant to Dr. Hsu's plea agreement; and any concerns it may have about the Parties' collection of those claims (if any remain).

If the USAO and/or GEICO wish to submit a letter brief concerning their position on any of the issues raised in this case, they should do so by November 4, 2013.

Additionally, Hollis and Dr. Hsu should receive notice of this action. Plaintiff must serve a copy of the Complaint, Order to Show Cause and this Order on Hollis's and Dr. Hsu's counsel or, if unavailable, at their last known addresses, and file proof of service by October 21, 2013.

**SO ORDERED.**

Dated: Brooklyn, New York
       October 14, 2013

/s/
VERA M. SCANLON
United States Magistrate Judge

---

Radler, LLP, 926 RXR Plaza, Uniondale, NY 11556-0926, as he was counsel for GEICO in the GEICO Action.